UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LIFE ROOT, LLC,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ALTERAEX, LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:25-cv-01325-MMD-MDC<br><br>ORDER |

Plaintiff Life Root, LLC ("Life Root"), by and through its counsel at the law firm of Dickinson Wright PLLC, has moved for a *ex parte* emergency temporary restraining order (ECF No. 12) and preliminary injunction (ECF No. 13) against Alteraex, LLC (f/k/a Kanna21, LLC) ("Kanna21"), Pure Balance Ventures, LLC d/b/a Pure7 ("Pure Balance"), and Mark Willis ("Willis") (collectively, "Defendants") to prevent willful trademark infringement, false designation of origin, and unfair competition at the CHAMPS trade show scheduled to occur at the Las Vegas Convention Center on July 23-26, 2025 ("CHAMPS"); and requiring third-party domain name registrars GoDaddy.com, LLC ("GoDaddy") and Squarespace Domains LLC ("Squarespace") to place the and domain names on serverHold and serverTransferProhibited1 and disable the nameservers for the pendency of the litigation; and requiring the registrar and/or privacy service to unmask and reveal all contact information provided by Defendants to register the and domain names.

The Court, having duly considered Life Root's Complaint, renewed motion for temporary restraining order, and the declaration and exhibits submitted therewith, hereby makes the following findings and conclusions. The Court grants Plaintiff's renewed motion for temporary restraining order (ECF No. 12) in part, as relates to the CHAMPS show, as described below.

1. Life Root alleges Defendants' use of the mark PURÉ7 ("Infringing Mark") infringes Life Root's common law rights and Nevada state trademark registrations for PURÉ7 (NV Reg. No. T202507115889075) issued on July 3, 2025, in Class 101 for "[o]nline store services featuring herbal supplements containing kratom in various forms including tablet, powder and liquid; providing website featuring consumer information about products containing kratom"; and PURÉ7 (NV Reg. No. T202507115889095) issued on July 3, 2025, in Class 18 for "[h]erbal supplements containing kratom in various forms, including tablet, powder and liquid" (the "PURÉ7 Marks").

2. Life Root alleges Defendants' actions include using the Infringing Mark to advertise, offer for sale, and sell Defendants' fraudulent goods which causes, or is reasonably likely to cause, consumers and potential customers to believe erroneously that Defendants' fraudulent goods are put out by and/or sponsored or associated with goods originating from Life Root when, in fact, Defendants' fraudulent goods are not.

3. Life Root provided the Court with sworn testimony confirming at least one instance of actual confusion, namely, that while setting up Life Root's booth at a Champs trade show, Print247 was mistakenly directed to Defendants' booth.

4. Life Root alleges Defendants are currently setting up their booth at the CHAMPS trade show in Las Vegas, including use of the Infringing Mark and the booth designs that Life Root designed for the trade show utilizing the PURÉ7 brand and other design images they obtained from the Life Root website without permission or authorization.

5. Life Root is likely to succeed on the merits of its trademark infringement and unfair competition claims under both federal and Nevada state law. Life Root is likely to succeed in showing Defendants are intentionally using a mark that is identical to the PURÉ7 Marks and confusion is inevitable.

6. Absent a temporary restraining order, Defendants' advertisement, offer for sale, and sale of its infringing goods using the Infringing Mark at the CHAMPS show will result in immediate and irreparable injury to Life Root in the form of damage to Life Root's

goodwill and reputation, loss of control over the PURÉ7 Marks, and impairment to the distinctiveness of the PURÉ7 Marks, which is further supported by the evidence of actual confusion proffered by Life Root.

7. The harm to Life Root in denying the requested temporary restraining order outweighs the harm to any legitimate interests of Defendants from granting such relief.

8. The public interest weighs in favor of granting Life Root the requested temporary restraining order.

It is therefore ordered that, pending a decision by the Court on Life Root's application for a preliminary injunction, Plaintiff's emergency renewed motion for temporary restraining order (ECF No. 12) is granted with regard to the CHAMPS show as described in this Order.

It is further ordered that Defendants and their employees, officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all other persons acting in active concert or participation with Defendants, are hereby immediately, temporarily restrained from infringing the PURÉ7 Marks. Specifically, Defendants are hereby temporarily restrained from (1) using in commerce, including registering any domain names containing, the Infringing Mark or PURÉ7 Marks, any website or advertisement incorporating the Infringing Mark or PURÉ7 Marks, or any other confusingly similar trademark to the PURÉ7 Marks; (2) displaying or using the Infringing Mark, PURÉ7 Marks, or any other confusingly similar trademark to the PURÉ7 Marks, at CHAMPS; (3) engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' fraudulent goods with Life Root's goods provided under the PURÉ7 Marks; and (4) otherwise infringing upon the PURÉ7 Marks, falsely or deceptively advertising, or unfairly competing with Life Root in any manner whatsoever.

It is further ordered that that the CHAMPS show management shall immediately remove any signage used by Defendants anywhere within the show, including at their

booth and in any other signage on property within the boundaries of the show, in violation of this order, namely any use of the PURÉ7 Marks by anyone other than Plaintiff.

It is further ordered that Life Root shall deposit $1000 with the Clerk of the Court as security for this Order. To the extent Defendants believe that additional security is necessary pursuant to Rule 65(c), Fed. R. Civ. P., Defendants shall file an application to the Court and provide notice to counsel for Life Root.

It is further ordered that Plaintiff's earlier-filed motions for temporary restraining order and preliminary injunction (ECF Nos. 3, 4) are denied as moot.

It is further ordered that the Court denies Plaintiff's request to address its emergency renewed motion for preliminary injunction (ECF No. 13) *ex parte*. The Court will issue a separate order setting a hearing on that motion.

It is further ordered that Plaintiff is directed to serve on Defendants a copy of (1) the renewed motion for temporary restraining order (ECF No. 12); (2) the renewed motion for preliminary injunction (ECF No. 13); and (3) this Order, by 5:00pm on July 24, 2025. Plaintiff is further directed to file a notice of compliance with the Court by July 25, 2025.

DATED THIS 24th Day of July 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE