# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Life Root, LLC, | 2:25-cv-01325-MMD-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| Alteraex, LLC (f/k/a Kanna21, LLC), et al., | |
| Defendant(s). | |

Defendants filed a *Motion for Joinder of Alexander Rochford Under Fed. R. Civ. P. 19(a)*("Motion"). *ECF No. 50*. The Court held a hearing on the Motion. *ECF No. 76*. After the hearing, the Court invited the parties to file supplemental briefing regarding joinder pursuant to Fed. R. Civ. P. 20. *ECF No. 77*. The parties filed their supplemental briefs. *ECF Nos. 81 and 82*. The Court **GRANTS** the Motion on alternative grounds, pursuant to Rule 20.

## I.　　BACKGROUND

This is a trademark infringement case. Defendants argue that Alexander Rochford must be joined as a counterclaim defendant in this matter pursuant to Fed. R. Civ. P. 19(a). *ECF No. 51*. Defendants argue that the company Kanna21 and its parent company Sunflower are the rightful owners of the Puré7 marks and of Life Root. *Id*. Defendants argue that Rochford's actions of potentially assigning the Puré7 trademark to Life Root is central to this case, making him a necessary party to this action. *Id*.

Plaintiff argues that Rochford is not a required party in this action, as he claims no current rights in Puré7 and has fully transferred any such rights to Life Root. *ECF No. 59*. Plaintiff claims that Rochford solely developed the Puré7 trademark and that he assigned the trademark to Life Root. *ECF No. 72 at 6*. Defendants argue in the reply that they have shown that Rochford is a necessary party because Rochford and Life Root's actions are intertwined and cannot be separated. *ECF No. 64*. At the

hearing, the Court questioned the parties regarding whether Rochford could be joined via Fed. R. Civ. P. 20 instead of Fed. R. Civ. P. 19, and the parties filed supplemental briefing on this issue.

Defendants argue in their supplement that joinder is appropriate under Rule 20 because Rule 20 is construed liberally. *ECF No. 81 at 4*. Defendants also allege that Rochford is a party to agreements that led to the formation of Life Root. *ECF No. 81 at 6*. Defendants also argue that Rochford was an agent of Kanna21. *Id.* Plaintiff argues in its supplement that under either Rule 19 or 20, Rochford's addition as a party is unnecessary. *ECF No. 82 at 9*. Plaintiff argues that the proposed claims against Rochford do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the core trademark infringement and related claims in this case. *Id*.

## II.    LEGAL STANDARD

F.R.C.P. 20(a)(2) states that a person, "may be joined in one action as a defendant if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "[O]nce these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank*, 623 F.2d at 1375). District courts retain broad discretion in applying Rule 20. *Id*. at 1296-97. For joinder to be proper under Rule 20(a), both requirements of the rule must be satisfied. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir.1977); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Slep-Tone Entm't Corp. v. Ellis Island Casino & Brewery*, No. 2:12-CV-00239-KJD-NJK, 2013 U.S.

Dist. LEXIS 17967, at *4 (D. Nev. Feb. 11, 2013), citing to *League to Save Lake Tahoe*, 558 F.2d at 917 (9th Cir.1977), citing *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir.1974).

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 U.S. Dist. LEXIS 80361, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Typically, this means that a party "must assert rights . . . that arise from related activities — a transaction or an occurrence or a series thereof." *Ibid*. (citation omitted).

"[T]he [party seeking to join a defendant] bears the burden of establishing that jurisdiction is proper." *Lerner v. Sackett*, No. 2:08-CV-01123-LRH-RJJ, 2010 U.S. Dist. LEXIS 161617, at *5 (D. Nev. June 9, 2010), citing to *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Activities in the forum and actions that directly benefit the party support an assertion of personal jurisdiction. *Altmann v. Republic of Austria*, 317 F.3d 954 (9th Cir. 2002). Regarding venue, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

## III.   ANALYSIS

Regarding the first prong of Rule 20, there is a degree of factual commonality because there is no way to separate Rochford's and Life Root's actions. Examples of the factual commonality include (1) both Rochford and Life Root's use of the Puré7 mark, (2) activities comprising alleged infringement of the Puré7 mark, and (3) the defendants' alleged rights to the ownership of the Puré7 mark and Life Root. While the plaintiff counters that Rochford's purported agency relation is unrelated to the ownership of the Puré7 trademark, given that Rule 20 is construed liberally, the Court finds this argument unavailing. There is a logical relationship between defendant's counterclaim

against Rochford and Life Root.  The claims against Rochford arise out of the same transaction and series of events as the claims against plaintiff.

Regarding the second prong, there are common questions of law and fact common to all defendants and the party defendants seek to join. Life Root itself claims that its first use of the Puré7 mark in commerce is based on Rochford's alleged first use, which occurred before Life Root even existed and at which time defendants allege Rochford was working as Kanna21's agent. *See ECF No. 78, Counterclaim ¶¶ 87-88*. There is a common question of law as to whether Rochford's assignment was valid and a question of fact as to his alleged first date of use in commerce. There are also questions of law and fact of whether his first use of the Puré7 mark occurred when he was working as Kanna21's agent. All the claims involving the ownership of Life Root and the Puré7 marks arise out of the same set of facts. Defendants have met the "common question of law or fact" requirement for permissive joinder under Rule 20(a)(2)(B).

Defendants have also met their burden to show that the Court has personal jurisdiction over Rochford and venue in this Court is proper. Rochford is the registered owner of the Nevada state registration for the Puré7 trademark. Defendants contest the validity of Rochford's assignment to Life Root and the ownership of the Puré7 trademark. (ECF No. 72, ¶ 32.) Rochford's activities in the state of Nevada and actions taken on behalf of Life Root for its direct benefit support personal jurisdiction. The counterclaims against Life Root involve Rochford's registration and use of the Puré7 trademark and his direction of Life Root's sales of products bearing the Puré7 trademark in Nevada, as well as Rochford's actions relating to the ownership of Life Root and Puré7. The Court finds venue in Nevada is proper.  Since the Court rules that joinder is proper under Rule 20, the Court does not address defendants' Rule 19 arguments. The Court thus grants defendants' Motion on the alternative ground that permissive joinder pursuant to Rule 20.

//

4

ACCORDINGLY,

**IT IS ORDERED that** the defendants' *Motion for Joinder* (ECF No. 50) is **GRANTED.**

DATED: March 27, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge